1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

| 11 | SABRINA HAGGIE, | Case No. CV 10-7039 VBF (SSx) |
|----|----------------|-------------------------------|
| 12 | Plaintiff, | ~~[PROPOSED]~~ PROTECTIVE ORDER APPROVING PARTIES STIPULATED CONFIDENTIALITY AGREEMENT |
| 13 | v. | |
| 14 | LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| 15 | Defendant. | |
| 16 | | |

17   / / /
18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

LA #4825-3963-3672 v1

1    Upon consideration of the Stipulated Confidentiality Agreement for

2    Protective Order between Plaintiff Sabrina Haggie ("Plaintiff" or "Haggie") and

3    Defendant Lincoln National Life Insurance Company ("Defendant" or "Lincoln

4    National"); attached as Exhibit "A," the Court hereby approves of said Agreement

5    and orders the parties to comply with its terms.

6

7        IT IS SO ORDERED.

8

9    DATED: ___Jan 31___, 2011    _____

10                                Hon. Susan H. Segal

11                                United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT A

1   Daniel W. Maguire (SBN 120002)
    E-mail:  dmaguire@bwslaw.com
2   Kristin P. Kyle de Bautista (SBN 221750)
    E-mail:  kkyledebautista@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA  90071-2953
    Telephone:  213.236.0600
5   Facsimile:  213.236.2700

6   Attorneys for Defendant
    Lincoln National Life Insurance Company
7
    Russell G. Petti (SBN 137160)
8   E-mail:  rpetti@petti-legal.com
    THE LAW OFFICES OF RUSSELL G. PETTI
9   466 Foothill Boulevard, #389
    La Canada, California 91011
10  Telephone:  818.952.2168
    Facsimile:  818.952.2186
11
    Attorneys for Plaintiff Sabrina Haggie
12

13                    UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16  SABRINA HAGGIE,                    Case No. CV 10-7039 VBF (SSx)

17              Plaintiff,             **DISCOVERY DOCUMENT:**

18  v.                                 **Referred to Magistrate Judge**
                                       **Suzanne H. Segal**
19  LINCOLN NATIONAL LIFE
    INSURANCE COMPANY,                 **STIPULATED CONFIDENTIALITY**
20                                     **AGREEMENT AND PROTECTIVE**
                Defendant.             **ORDER; [PROPOSED] ORDER**
21                                     **THEREON**

22

23          IT IS HEREBY STIPULATED AND AGREED, by and between the parties

24  to this action, Plaintiff Sabrina Haggie ("Plaintiff") and Defendant Hartford Life

25  and Accident Insurance Company ("Hartford"), that certain documents, materials or

26  information produced in discovery, shall be subject to the following Agreement

27  with respect to confidentiality and privacy, subject to the approval of the Court.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2                        - 1 -                    CASE NO. CV 10-7039 VBF (SSx)
                                                                      STIPULATED CONFIDENTIALITY
                                                              AGREEMENT AND PROTECTIVE ORDER

1.    Documents, materials and information to be designated as "Confidential" or "Proprietary", are limited to the following categories:

    (a)    Any sensitive financial information of Plaintiff that may allow for the identification or misuse of Plaintiff's personal financial information, including but not limited to social security numbers, account numbers and/or information from the Social Security Administration, and/or State of California – Employment Development Department;

    (b)    Any information pertaining to Plaintiff's psychological condition, including but not limited to doctor's or therapist's notes, diagnoses, treatment notes, and/or records of office visits contained in Plaintiff's medical and/or psychological records. Such information shall be designated as "Confidential" or "Proprietary" by the supplying party, whether it be a document, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Proprietary" the supplying party will make such designation only as to that information which the supplying party in good faith believes contains Confidential or Proprietary information.

2.    <u>GOOD CAUSE STATEMENT</u>: Protection of the documents identified in Category (a) is required to protect the financial security of Plaintiff and to ensure that documents are protected that might allow for misuse of Plaintiff's identity or identity theft. Protection of the documents identified in Category (b) is required to protect Plaintiff's private medical records related to her psychological treatment, and which reveal confidential and sensitive personal information.

**To the extent that the parties determine that additional documents, materials and/or information should be designated as "Confidential" or "Proprietary," the parties shall file an "Amended Stipulated Confidentiality**

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2    - 2 -    CASE NO. CV 10-7039 VBF (SSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1   **Agreement and Protective Order" with the Magistrate Judge.**

2          3.     "Qualified Persons" as used in this Agreement means:

3                 (a)     Counsel of record in the litigation, their agents, employees,

4                         consultants and experts to whom it is necessary that

5                         "Confidential" or "Proprietary" information be shown for

6                         purposes of the litigation, including law and motion, arbitration

7                         and/or trial, and whom have signed an agreement in the form of

8                         **Exhibit "A"** hereto.

9                 (b)     Any other person who is designated as a Qualified Person by

10                        Agreement and/or Order of this Court, after notice to all parties,

11                        or by stipulation of the parties in writing and who signed an

12                        agreement in the form of **Exhibit "A"** attached hereto.

13         4.     "Confidential" or "Proprietary" documents shall include all documents

14   and copies of such documents which the party producing or exchanging such

15   documents has designated as "Confidential" or "Proprietary" by marking each page

16   of each document "CONFIDENTIAL" or "PROPRIETARY."  In lieu of marking

17   the originals of such documents, any party may mark the copies of such documents

18   that are produced or exchanged.  "Confidential" or "Proprietary" documents shall

19   also include documents and copies of such documents which have been received by

20   any party from a third-party, by designating and marking each page of each

21   documents " "CONFIDENTIAL" or "PROPRIETARY."

22         5.     A producing party may produce for an informal inspection, documents

23   or things which are unmarked or undesignated under paragraph 3.  Inspection of

24   such documents and things produced shall be conducted only by counsel assisting

25   in the preparation of this litigation for trial as set out in paragraph 3(a).  Such

26   counsel shall treat such documents or things as "Confidential" or "Proprietary" until

27   such copies are produced under paragraph 3 and thereafter as designated under

28   paragraph 3 either as "Confidential" or "Proprietary."

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES
                    LA #4813-4949-4792 v2                - 3 -                CASE NO. CV 10-7039 VBF (SSx)
                                                                             STIPULATED CONFIDENTIALITY
                                                                             AGREEMENT AND PROTECTIVE ORDER

6.      Any deposition or any portion of a deposition of a party or one of its present or former officers, directors, employees or agents may be designated by that party as "Confidential" or "Proprietary" in accordance with this Confidentiality Agreement by indicating on the record at the deposition that the testimony is "Confidential" or "Proprietary" and subject to the provisions of this Agreement.  In addition, any deposition in which documents designated as containing "Confidential" information or "Proprietary" information are marked as exhibits or shown to the deponent or otherwise employed shall be considered "Confidential" or "Proprietary" information and subject to the provision of this Agreement.

7.      Any information designated as "Confidential" or "Proprietary" shall not be made available to any persons other than the Court and those Qualified Persons listed in subparagraphs 2(a) and 2(b) above, for law and motion, arbitration and/or trial.  Qualified Persons who receive "Confidential" or "Proprietary" information shall use it solely for the purpose of this litigation, and for no other purpose whatsoever.

8.      If the Court orders, or if the supplying party agrees in writing, access to, or dissemination of, information submitted by the supplying party as confidential information may be made to person other than those included in paragraphs 3 and 7 above, but such matter shall only be accessible to, or disseminated to, such person in conformity with the written consent and agreement of the supplying party or, if pursuant to a court order, based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it, unless the Court first finds that the information is not confidential information as defined in paragraph 1 hereof.

9.      A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation.  In the event any party to this litigation disagrees at any stage of the proceedings with the designation by the supplying party of any

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2      - 4 -      CASE NO. CV 10-7039 VBF (SSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1   information as "Confidential" or "Proprietary," the parties shall try first to dispose
2   of such dispute in good faith on an informal basis.  If the dispute cannot be resolved
3   informally, the party seeking the disclosure of the information may apply for
4   appropriate relief through judicial intervention.  Said application shall comply with
5   the Local Rules of the Central District of California, specifically Local Rule 37,
6   which requires as follows:

7       ***L.R.37-1 Pre-Filing Conference of Counsel*** Prior to the filing of any
8       motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the
9       parties shall confer in a good faith effort to eliminate the necessity for
10      hearing the motion or to eliminate as many of the disputes as possible. It
11      shall be the responsibility of counsel for the moving party to arrange for this
12      conference. If both counsel are located within the same county of the Central
13      District, the conference shall take place in person at the office of the moving
14      party's counsel, unless the parties agree to meet someplace else. If both
15      counsel are not located within the same county of the Central District, the
16      conference may take place telephonically. Unless relieved by written order of
17      the Court upon good cause shown, counsel for the opposing party shall
18      confer with counsel for the moving party within ten (10) days after the
19      moving party serves a letter requesting such conference. The moving party's
20      letter shall identify each issue and/or discovery request in dispute, shall state
21      briefly with respect to each such issue/request the moving party's position
22      (and provide any legal authority which the moving party believes is
23      dispositive of the dispute as to that issue/request), and specify the terms of
24      the discovery order to be sought.

25      ***L.R. 37-2 Moving Papers*** If counsel are unable to settle their differences,
26      they shall formulate a written stipulation. The stipulation shall be filed and
27      served with the notice of motion.

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2

- 5 -

CASE NO. CV 10-7039 VBF (SSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1    ***L.R. 37-2.1 Form of Joint Stipulation***  The stipulation must be set forth in
2    one document signed by both counsel. The stipulation shall contain all issues
3    in dispute and, with respect to each such issue, the contentions and points and
4    authorities of each party. The stipulation shall not refer the Court to any other
5    documents. For example, if the sufficiency of an answer to an interrogatory is
6    in issue, the stipulation shall contain, verbatim, both the interrogatory and the
7    allegedly insufficient answer, followed by each party's contentions as to that
8    particular interrogatory, separately stated. If the allegations made in a prior
9    filing are relevant, a copy of that prior filing should be attached as an exhibit.
10   Exhibits to the stipulation may include declarations prepared in conformity
11   with L.R. 7-7. The specification of the issues in dispute, and the parties'
12   contentions and points and authorities with respect to such issues, may be
13   preceded by an introductory statement from each party, provided that no
14   party's introductory statement shall exceed three (3) pages in length. When a
15   party states its contentions with respect to a particular issue, such party shall
16   also state how it proposed to resolve the dispute over that issue at the
17   conference of counsel.
18   Although the stipulation should present the disputed issues as concisely as
19   the subject matter permits, the page limitation established by L.R. 11-6 does
20   not apply to stipulations regarding discovery disputes. Any stipulation
21   exceeding ten (10) pages in length, excluding exhibits, shall be accompanied
22   by an indexed table of contents setting forth the headings or subheadings
23   contained in the body thereof, but need not be accompanied by a table of
24   authorities.
25   The title page of the stipulation must state the discovery cutoff date, the
26   pretrial conference date, and the trial date. In addition, a copy of the order
27   establishing the initial case schedule, as well any amendments, must be
28   attached to the stipulation or to a declaration filed in support of the motion.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES
LA #4813-4949-4792 v2     - 6 -     CASE NO. CV 10-7039 VBF (SSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1    *L.R. 37-2.2 Preparation of Joint Stipulation.* Following the conference of
2    counsel, counsel for the moving party shall personally deliver, e-mail or fax
3    to counsel for the opposing party the moving party's portion of the
4    stipulation, together with all declarations and exhibits to be offered in support
5    of the moving party's position. Unless the parties agree otherwise, within
6    seven (7) days of receipt of the moving party's papers, counsel for the
7    opposing party shall personally deliver, e-mail, or fax to counsel for the
8    moving party the opposing party's portion of the stipulation, together with all
9    declarations and exhibits to be offered in support of the opposing party's
10   position. After the opposing party's papers are added to the stipulation by the
11   moving party's counsel, the stipulation shall be provided to opposing
12   counsel, who shall sign it (electronically or otherwise) and return it to
13   counsel for the moving party, no later than the end of the next business day,
14   so that it can be filed with the notice of motion.

15       The Court shall be permitted to conduct an in camera inspection of the
16   "Confidential" or "Proprietary" materials.

17       10.   With sole exception of counsel and their employees, each person to
18   whom disclosure of confidential information is to be made shall be advised of this
19   Confidentiality Agreement and shall execute a writing (the form of which is
20   **Exhibit "A"** hereto) signed pursuant to the terms of this Agreement. Each such
21   writing shall be forwarded by the party obtaining it to counsel for the party
22   designating the information "Confidential" or "Proprietary," before any disclosure
23   is made.

24       11.   At the conclusion of the litigation, any originals or reproductions of
25   any documents produced by a party shall be returned to the producing party or
26   destroyed upon request. Any and all copies, analyses, compilations, summaries,
27   extracts or other work product in the possession or control of one party and
28   "Qualified Persons" associated therewith which reflect or include information

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2                     -7-

CASE NO. CV 10-7039 VBF (SSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  derived from documents or testimony designated as confidential by the other party

2  shall be destroyed.

3      12.    In the event that any party determines that any confidential

4  information marked or identified by it in accordance with this Agreement should no

5  longer be subject to this Agreement, it shall serve the other party with a stipulation

6  identifying such information or part thereof and stating that its designation thereof

7  pursuant to this Agreement is terminated. From and after the service of such

8  stipulation, such information and all actions taken with respect to such information

9  shall no longer be subject to this Agreement.

10     13.    With respect to any particular item of "Confidential" or "Proprietary"

11 information, the restrictions on dissemination, access, disclosure, and use of such

12 item or such information provided for herein shall not apply to the party who

13 identified or marked such item as "Confidential" or "Proprietary" in accordance

14 with this Agreement or to such party's attorney.

15     14.    If "Confidential" or "Proprietary" information submitted in accordance

16 with this Agreement is disclosed to any person other than in the manner authorized

17 by this Agreement, the party responsible for the disclosure must immediately bring

18 all pertinent facts relating to such disclosure to the attention of the supplying party

19 and the Court and, without prejudice to other rights and remedies of the supplying

20 party, make every effort to prevent further disclosure by it or by the person who

21 was the recipient of such information.

22     15.    Nothing in the Agreement shall abridge the right of any person to seek

23 further judicial review or to pursue other appropriate judicial action with respect to

24 any ruling made by the Court concerning the issue of the status of Confidential

25 Information.

26     16.    The provisions of this Confidentiality Agreement shall continue to be

27 binding after the conclusion of the litigation, except that a party may seek the

28 written permission of the production party or further order of the Court with respect

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2                    - 8 -                    CASE NO. CV 10-7039 VBF (SSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  to dissolution or modifications of the Agreement which may also be made by any

2  party at any time during the pendency of this litigation.

3      17.    Any documents, materials or depositions produced, identified or

4  generated in this litigation pursuant to the terms of the Confidentiality Agreement,

5  and which may be determined by the Court to be admissible into evidence at the

6  trial of this case, shall not be marked "Confidential" or "Proprietary" when

7  introduced into evidence at trial, but shall be devoid of such marking unless such

8  documents or materials were so marked when they were originally made by the

9  original drafter or maker thereof.

10  **IT IS SO STIPULATED**

11

12  DATED:  January 31, 2011          BURKE, WILLIAMS & SORENSEN, LLP

13

14

15                                   By: *s/ Kristin P. Kyle de Bautista*
                                          DANIEL W. MAGUIRE
                                          KRISTIN P. KYLE de BAUTISTA
16                                        Attorneys for Defendant
                                          Lincoln National Life Insurance
17                                        Company

18

19  DATED: January 31, 2011           THE LAW OFFICES OF RUSSELL G.
                                       PETTI
20

21

22                                   By: *s/ Russell G. Petti*
                                          RUSSELL G. PETTI
23                                        Attorneys for Plaintiff
                                          Sabrina Haggie
24
                                     [as approved on January 29, 2011]
25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES
LA #4813-4949-4792 v2                    - 9 -              CASE NO. CV 10-7039 VBF (SSx)
                                                            STIPULATED CONFIDENTIALITY
                                                     AGREEMENT AND PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT PURSUANT

## TO PROTECTIVE ORDER

I hereby state that I have read a copy of the Stipulated Protective Order in *Sabrina Haggie v. Lincoln National Life Insurance Company, et al.*, Case No. CV 10-7039 VBF (SSx), pending in the United States District Court for the Central District of California. I understand and agree to be bound by its terms.

Dated: _____          _____

                              SIGNATURE

                              _____

                              PRINTED NAME

                              _____

                              _____

                              ADDRESS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-4949-4792 v2          - 10 -          CASE NO. CV 10-7039 VBF (SSx)
                                               STIPULATED CONFIDENTIALITY
                                               AGREEMENT AND PROTECTIVE ORDER